## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAVIS, | ) | Case No. 5:20-cv-2807 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge (ECF No. 16), filed November 24, 2021, in this appeal from the administrative action of the Social Security Administration, which denied Plaintiff's application for disability insurance benefits and supplemental security income. The Magistrate Judge recommends that the Court vacate the Commissioner's final decision and remand for further consideration consistent with the report and recommendation.

The report and recommendation advised both parties that a failure to object within the 14 days &R may result in forfeiture of rights on appeal, which includes the right to district court review. (ECF No. 16, PageID #1427.) Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth

Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the report and recommendation has passed. Neither party objected. Nor does there appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 16), **VACATES** the Commissioner's final decision, and **REMANDS** this matter for further consideration consistent with this **ORDER** and the report and recommendation.

**SO ORDERED.**

Dated:  December 21, 2021

_____

                J. Philip Calabrese
                United States District Judge
                Northern District of Ohio